In the Matter of GAMY & LEVY ASSOCIATES, INC., Debtor.

WALTER E. HELLER & CO., and Herbert Freehling, Trustee, Plaintiffs,

v.

Margot Fisher BROOKS d/b/a Le Round Point Interior a/k/a Marabelle Restaurant and Walter Fisher Brooks d/b/a Le Round Point Interior a/k/a Marabelle Restaurant, Defendants.

Bankruptcy No. 80–00081–BKC–SMW. Adv. No. 81–0151–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

May 21, 1981.

---

Paul G. Hyman, Jr., Miami, Fla., for plaintiffs.

Richard W. Smith, Fort Lauderdale, Fla., for defendants.

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on for trial upon an Adversary Complaint to Recover Monies Due and Owing, Accounts Stated, and Goods Sold and Delivered filed by Plaintiff, WALTER E. HELLER & CO., a secured Creditor of the Debtor, and HERBERT FREEHLING, Trustee in Bankruptcy, and the Defendant having appeared and the Court having heard the testimony of Plaintiffs and Defendants; observed the candor and demeanor of the witnesses; and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Plaintiff, WALTER E. HELLER & CO. ("HELLER") is a secured Creditor of the Debtor and is a proper party Plaintiff pursuant to this Court's Order entered September 5, 1980 ratifying a Stipulation entered into between the Trustee in Bankruptcy and Plaintiff, authorizing Plaintiff to collect certain Accounts Receivable of the Debtor, GAMY & LEVY ASSOCIATES, INC. This Court has jurisdiction to hear and determine this cause pursuant to 28 U.S.C. § 1471.

At trial HELLER presented testimony that in April of 1979 Defendants MARGOT FISHER BROOKS and WALTER FISHER BROOKS approached the Debtor seeking to purchase carpet for installation in a restaurant they owned, the MARABELLE RESTAURANT ("the RESTAURANT"). The Debtor refused to sell directly to the RESTAURANT but did agree to sell the carpet to LE ROUND POINT INTERIOR, an interior decorating firm owned by Defendants.

On or about April 20, 1979 the Debtor sold Defendants carpeting and carpet installation at a price of Seven Thousand Nine Hundred and Thirty Dollars and Forty Cents ($7,930.40). The Debtor sent Defendants a bill for that amount which was introduced in evidence at trial. The carpet was installed in the RESTAURANT on or about October 10, 1979 by a sub-contractor acting for the Debtor.

The Defendants admitted that the carpet was received and installed in the RESTAURANT, but presented testimony, supported by photographs introduced in evidence, that there were minor problems with the installation of the carpet and that there were defects in the carpet itself resulting in several tears in the carpet.

Although the Defendants testified that the carpet was damaged to such an extent that it required replacement, it is clear to the Court that the carpet was installed in a commercial establishment and that the Defendants have had the use and benefit of the carpet for more than one year. Thus, the Defendants claim, though well-founded, is a matter of setoff, not an absolute defense. The Court accordingly allows a setoff to the Defendants in the amount of Three Thousand Nine Hundred and Thirty Dollars and Forty Cents ($3,930.40). Set-

ting off that sum against the amount owed to Plaintiffs, this Court finds as a matter of fact and this Court concludes as a matter of law that the Defendants are indebted to Plaintiff in the sum of Four Thousand Dollars ($4,000.00), plus costs and interest.

A Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.